IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Bartow Ethanol of Florida LC<br>13009 SOM Center Road<br>Solon, Ohio  44139, | : | CASE NO. |
| | : | JUDGE |
| 3 Rivers Winery LLC<br>13009 SOM Center Road<br>Solon, Ohio  44139, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| LeVecke Corporation<br>10810 Inland Avenue<br>Jurupa Valley, California  91752, | : | COMPLAINT ref. 18 USC §1962(c)<br>RICO, FRADULENT CONVEYANCE ref. |
| | : | 15 USC §1120, FRAUD / FRAUDULENT<br>CONVEYANCE, CONVERSION, |
| LeVecke Beverage Group LLC<br>10810 Inland Avenue<br>Jurupa Valley, California  91752, | : | RESPONDEAT AND ALTER EGO AND<br>BREACH OF CONTRACT |
| | : | |
| LeVecke Beverage Group Revocable Trust<br>6975 S. Union Park Avenue<br>Cottonwood Heights, Utah  84043, | : | (Jury Demand Endorsed Hereon) |
| | : | |
| LeVecke LLC<br>10810 Inland Avenue<br>Jurupa Valley, California  91752, | : | |
| | : | |
| LeVecke Acquisition LLC<br>10810 Inland Avenue<br>Jurupa Valley, California  91752, | : | |
| | : | |
| LeVecke Investment Holdings LLC<br>10810 Inland Avenue<br>Jurupa Valley, California  91752, | : | |
| | : | |
| LeVecke Real Estate Holdings LLC<br>10810 Inland Avenue<br>Jurupa Valley, California  91752, | : | |
| | : | |

1

LeVecke Wine, Beer and Spirits LLC      :
10810 Inland Avenue
Jurupa Valley, California  91752,       :


Joseph R. LeVecke                       :
1513 Dana Place
Fullerton, California  92831,           :

Also serve at:                          :


10810 Inland Avenue                     :
Jurupa Valley, California  91752,

                                        :

Jason LeVecke, aka Jason D. LeVecke,
aka Jason Dominic LeVecke               :
2550 Rudder Road
Oceanside, California  91436,           :

Also serve at:                          :


10810 Inland Avenue                     :
Jurupa Valley, California  91752,

                                        :

J. Neil LeVecke                         :
1513 Orange Avenue
Costa Mesa, California  92627,

                                        :

Also serve at:                          :


10810 Inland Avenue                     :
Jurupa Valley, California  91752,


Timothy J. LeVecke                      :
10810 Inland Avenue
Jurupa Valley, California  91752,       :


The Timothy J. LeVecke and              :
Diann L. LeVecke Trust
10810 Inland Avenue                     :
Jurupa Valley, California  91752,

                                        :

LeVecke (ABC) LLC
231 Market Place, Suite 273             :
San Ramon, California  94583,

2

:

Armanino LLP
12657 Acosta Boulevard, Suite 500                :
San Ramon, California  94583,

:

The Hogan Triad Group
2700 Camino Ramon                                 :
San Ramon, California  94583,

:

Also serve at:

:

231 Market Place, Suite 273
San Ramon, California  94583,                     :

Michael Hogan, aka H. Michael Hogan               :
2700 Camino Ramon
San Ramon, California  94583,                     :

Also serve at:                                    :

231 Market Place, Suite 273                       :
San Ramon, California  94583,

:

        Defendants.

:

Now come Plaintiffs and for their Complaint against the Defendants state and aver as in and for the following.

## I.    Introduction, Background, and Summary

1.    As a brief contextual background and summary, this case is about a company (Defendant LeVecke Corporation) which was founded in 1949 and has been continuously owned and operated members of the LeVecke family.  It was and is called the 'LeVecke Corporation' aka the 'LeVecke Compony'.  Its business in the last 10+ years was to buy pure, high proof (99.9% alcohol) Federally and State regulated beverage grade alcohol from distillers and blend it with flavorings and colorings, dilute it with water to lower proof, and package it for retail sales by

3

distributors and other outlets throughout the United States. LeVecke also registered over 90 distinctive trademarks for its products. Until recently (late 2025 ) LeVecke was a successful and well known business. Key long term suppliers of the high proof base for LeVecke's consumer products were Plaintiffs with plants in Ohio and Florida. In 2025, the present LeVecke family owners (Defendants herein) realized that the business was in very serious financial trouble and therefore secretly created a plan to continue the business under a new identity and thus defraud its creditors, especially Plaintiffs, to which it owed about $3,300,000.00 for products it bought, blended and sold, but did not pay for.

2. In this case, Plaintiffs are foreign limited liability companies (Florida ad Delaware) registered and doing business in this District with their principal offices in the District, as set forth in the Caption. Among the Defendants are several inter-related 'Levecke family' entities and others involved with them in the schemes described herein. And, since January 6, 2026, are doing the same business as the 'LeVecke Corporation' at one or more of the locations identified herein, and are connected to/associated with one another by their joint and several creation of and/or participation in a Racketeering Enterprise (Enterprise), and thereby engaged in a Pattern of Racketeering Activities (PRA), and in a Racketeering Conspiracy (RC), all as described in and prohibited by 18 USC §1962(c).

3. Plaintiffs are licensed (United States ATF-TTB, Florida, and Ohio) original manufacturers of beverage grades of ethanol (ethyl alcohol) for use in blended consumer alcoholic beverages, such as those which were and now are, made by certain of the Defendants (e.g. LeVecke Corporation, (now) LeVecke Beverage Group, LeVecke Acquisition etc.) and to which Plaintiffs supplied approximately $3,300,000.00 of product for as expressly represented, legitimate use by

4

LeVecke; however, Plaintiffs' products were unlawfully converted by certain of the Defendants by way of the Enterprise, a PRA and a RC, including, but not limited to, LeVecke Beverage Group, Levecke Wine, Beer and Spirits LLC, LeVecke Investment Holdings LLC, LeVecke Acquisition LLC, and/or Joseph LeVecke, Jason LeVecke, Timothy LeVecke, and J. Neil LeVecke, despite serially representing that such were for a legitimate and lawful use.  Said Defendants were also participants with other Defendants in the Enterprise, the PRA, and the RC including, but not limited to, the multiple use of the wires and mails to defraud Plaintiffs, in violation of 18 USC §1962(c) and fraudulent conveyance of LeVecke trademarks in violation of 15 USC §1120.

4.      In summary, Defendants, in one or more ways: (i) acted interchangeably as agent or principals for one another; and (ii) created and/or participated in the Enterprise including, but not limited to, a PRA and a RC by serial predicate acts by which assets were fraudulently conveyed to avoid creditors such as Plaintiffs, shell companies were created to hide and/or fraudulently convey assets, lenders knowingly transferred loan obligations to new entities, lessor (defendant) transferred facility leases to the Enterprise, valuable federal and state licenses to manufacture and distribute alcoholic beverages, and ninety (90) long established LeVecke beverage trademarks for their popular alcoholic beverages; were fraudulently conveyed to and are  being used by the Enterprise as well as similarly coordinated undertakings by and among the defendant members of the Enterprise as both a PRA and a RC for the express purpose of defrauding creditors of LeVecke, in this instance, specifically, Plaintiffs.

## II.      **Plaintiff Parties**

5.      Plaintiff, Bartow Ethanol of Florda LC (Bartow), is a Florida LLC with manufacturing and distribution locations in Florida and Ohio, with its principal registered place of

business in the District as set forth in the caption.  Plaintiff Bartow, directly and indirectly (and through Plaintiff 3 Rivers), thereby collectively delivered in excess of $3,300,000.00 of federal and state licensed alcohol beverage products to Defendant LeVecke Corporation in the preceding 24 months.

6.      Plaintiff, 3 Rivers Winery LLC, is a Delaware LLC with manufacturing and distribution facilities in Ohio, with its principal office in the District at the captioned address. Plaintiff 3 Rivers, directly and indirectly (and through Plaintiff Bartow), thereby collectively delivered in excess of $3,300,000.00 of federal and state licensed alcohol products to Defendant LeVecke Corporation in the preceding 24 months.

7.      Plaintiffs are affiliated by reason of non-party collective ownership and share and/or collaborate in the use of facilities, product production and sales, administration, and similar business and operational activities, some of which they have done as set forth herein.

## III.      Defendant Parties

8.      LeVecke Corporation (a California Corporation) herein "LeVecke") was a legitimate business engaged in the distillation, blending, and distribution of popular consumer alcoholic beverages, including ninety (90) beverage trademarks, a complex and extensive manufacturing facility located at 10810 Inland Avenue, Jurupa Valley, California 91752.  LeVecke ordered and received in excess of $3,300,000.00 of federal and state licensed beverage alcohol from (collectively) Plaintiffs in the preceding 24 months.  And, the owners and shareholders of LeVecke (Defendants Joseph, Jason, J. Neil, and Timothy LeVecke [and or their 'trusts'] ..) and thereafter clandestinely and unlawfully converted it to the use of Enterprise by selling it to LeVecke's former customers under one or more of the 90 registered trademarks for said products.

6

The Enterprise thus concealed and/or fraudulently conveyed the proceeds to avoid paying Plaintiffs.

9.      LeVecke Beverage Group LLC (a Delaware LLC, herein "Beverage") is the direct commercial and financial successor to LeVecke, having unlawfully taken control of the operating assets of LeVecke on or about January 6, 2026 by way of the Enterprise formed by itself and the other Defendants.  Beverage, and by the PRA and RC engaged in by the Enterprise actually continues the identical business and operations of LeVecke without interruption at the same location of 10810 Inland Avenue, Jurupa Valley, California 91752 and using the same 90 product trademarks formerly registered to and owned by LeVecke.  (See: Exhibit A, 'Beverage' website example, [composite] Exhibit B, Exhibit L [trademarks]).

10.      LeVecke Beverage Group Revocable Trust (LBG-Trust) is  believed to be  'owner' of the equity interest of Beverage, in or as some form of shell entity allegedly representing and controlled by the former owners, directors and officers of LeVecke (the LeVecke Control Group [LCG] as described later herein) The 'LBG-Trust' is a participant in the Enterprise, the PRA, and the RC as  described in more detail later herein, and has its sole known address at 6975 S. Union Park Avenue, Cottonwood Heights, Utah 84043.

11.      LeVecke LLC (a California LLC, herein LeV-LLC) is a shell entity associated with Beverage and the other Defendants, is a participant in the Enterprise, the PRA , and the RC; including but not limited to being the owner of the membership units of LeVecke Real Estate Holdings LLC.  LeV-LLC is believed to be directly and/or indirectly owned and controlled by the LCG, including but not limited to Defendant (the) Timothy J. LeVecke and Diann L. LeVecke

7

Trust, as described in more detail later herein.  It has its represented  place of business at 10810 Inland Avenue, Jurupa Valley, California 91752.  (See: [composite] Exhibit B).

12. LeVecke Acquisition LLC (a Delaware LLC, herein "Acquisition")  is a shell entity associated with Beverage and other Defendants, is a participant in the Enterprise, the PRA and the RC as described in more detail later herein, and has its apparent place of business at 10810 Inland Avenue, Jurupa Valley, California 91752.

13. LeVecke Investment Holdings LLC (a Delaware LLC, herein "Holdings")is a shell entity associated with, including but not limited to Beverage. LBG-Trust, the LCG, Acquisition, RE-Holdings , LeV-LLC and L-WBS;, is a participant in the Enterprise, the PRA and the RC. I-Holdings has represented that it was/is the 'buyer' of the 'assets' of LeVecke; all as  described in more detail later herein, and has a place of business at 10810 Inland Avenue, Jurupa Valley, California 91752.  (See: Exhibit A, [composite] Exhibit B).

14. LeVecke Real Estate Holdings LLC (a California LLC herein "RE-Holdings") is an entity which by  public record, owns the real property and facility previously leased to and used by LeVecke at 10810 Inland Avenue, Jurupa Valley; which is now used by Beverage and L-WBS *for the uninterrupted continuation of the business of LeVecke by the Enterprise.*  It is  associated with Beverage and other Defendants, is a participant in Enterprise, the PRA and the RC.  It is directly and/or indirectly owned and controlled by the LCG, as described in more detail later herein, and has a place of business at 10810 Inland Avenue, Jurupa Valley, California 91752. (See: Exhibit  A and [composite] Exhibit B).

15. LeVecke Wine, Beer, and Spirits LLC (L-WBS) is a another entity controlled by the LCG and a participant in the Enterprise the PRA and the RC.  L-WBS is believed to be a

8

significant distributor of the products manufactured by LBG, all as described in more detail later herein, and has a place of business at 10810 Inland Avenue, Jurupa Valley, California 91752. (See: [composite] Exhibit B).

16. The Timothy J. LeVecke and Diann L. LeVecke Trust (herein TD-Trust) is an owner of the membership units of LeVecke-LLC and thereby RE-Holdings, and is a shell entity associated with Beverage and other Defendants, is a participant in the Enterprise, the PRA and the RC as described in more detail later herein, and has its apparent place of business at 10810 Inland Avenue, Jurupa Valley, California 91752.

17. Joseph R. LeVecke (JRL) is an officer, owner and director of LeVecke, and directly and/or indirectly an officer, owner and director of Beverage and Re-Holdings, as well as a participant in the Enterprise, the PRA, and the RC as described in more detail later herein. His apparent place of business is located at 10810 Inland Avenue, Jurupa Valley, California 91752, and/or 1513 Dana Place, Fullerton, California 92831.

18. Jason LeVecke, aka Jason D. LeVecke, aka Jason Dominic LeVecke (JDL ) is an officer, owner and director of LeVecke, and directly and/or indirectly, an officer, owner and director of Beverage and RE-Holdings, as well as a participant in Enterprise, the PRA and the RC as described in more detail later herein. His apparent place of business is located at 10810 Inland Avenue, Jurupa Valley, California 91752, and/or 2550 Rudder Road, Oceanside, California 91436.

19. J. Neil LeVecke (JNL) is an officer, owner and director of LeVecke, and directly and/or indirectly, an officer, owner and director of Beverage and RE-Holdings, as well as a participant in the Enterprise the PRA and the RC as described in more detail later herein. His apparent place of business is located at 10810 Inland Avenue, Jurupa Valley, California 91752,

9

and/or 1513 Orange Avenue, Costa Mesa, California 92627.  JNL is also the registered agent of Defendants RE-Holdings, LeVecke LL C, and LeVecke Wine Beer, and Spirits.  (See: Exhibit B, infra).

20.     Timothy J. LeVecke (TJL) is an officer, owner and director of LeVecke, and directly and/or indirectly, an officer, owner and director of Beverage and RE-Holdings, a member of the LCG, as well as a participant in the Enterprise the PRA and the RC as described in more detail later herein.  His apparent place of business is located at 10810 Inland Avenue, Jurupa Valley, California 91752.

21.     LeVecke (ABC) LLC (a California limited liability company form of business, herein "ABC") established by Defendant Hogan (as its sole member and manager *and* partner in Armanino) and/or (A-LLP) on behalf of Defendants Beverage, I-Holdings, RE-Holdings, the members of the LCG individually, and in their various entity capacities, Acquisition, L-WBS, and LeV-LLC.  ABC is participant in the Enterprise the PRA and the RC as the shell entity which undertook and/or participated in the fraudulent conveyance of the assets of LeVecke acting in concert with the foregoing Defendants.  (See: Exhibit C, ABC; Secretary of State formation record).

22.     Armanino LLP aka Armanino Advisors LLC (a an Ohio registered foreign LLC, herein "A-LLP") is a multi-state entity holding itself out as a national 'restructuring' or 'work out' advisor, and which , directly and/or through its represented partner, Hogan/Triad/Michael Hogan, A-LLP, established and actively manages and operates ABC, and is otherwise engaged in the creation of, and participates in, the Enterprise the PRA and the RC as with one of its several places of business at 12657 Acosta Boulevard, Suite 500, San Ramon, California 94583. (*also the

address of Triad and Hogan), and as a registered foreign LLC in Ohio.  (See: Exhibit D; Armanino website +A-LLP Ohio registration).

23.     The Hogan Triad Group LLC (a sole member California LLC aka/dba Michael Hogan, aka H. Michael Hogan, herein "Triad") represents that it (he) is a *partner/principal* in A-PP, and also holding themselves out as 'restructuring' or 'work out' advisors, and which assisted in the creation of, and participates in, the Enterprise, the PRA and the RC.  With one of its (his) several places of business at 12657 Acosta Boulevard, Suite 500 San Ramon, California 94583, (*also the address of A-LLP), 231 Market Place, Suite 273, San Ramon, California  94583 and/or 2700 Camino Ramon, San Ramon, California 94583.  (See: Exhibit D, E).

24.     Michael Hogan, aka H. Michael Hogan (an individual, herein "Hogan" is in both Triad and A-LLP, and also holding himself out as 'restructuring' or 'work out' advisor.  *Hogan formed ABC as its alleged sole member and co-manager (with A-LLP),* and he also engaged in the creation of, and participates in, the Enterprise, the PRA and the RC as with one of (his) several places of business at 12657 Acosta Boulevard, Suite 500, San Ramon, California 94583, and/or 2700 Camino Ramon, San Ramon, California 94583.  (See: Exhibit D, Exhibit E, Exhibit F).

## IV.     <u>Jurisdiction and Venue</u>

25.     This Court has exclusive and original subject matter jurisdiction over Defendants and Plaintiffs' claims by reason of the asserted violations of 18 USC §1962(c) RICO, which is in turn subject to 28 USC §1331, e.g. the application of federal law.

26.     This Court has exclusive and original subject matter jurisdiction by reason the fraudulent conveyance of ninety (90) registered United States Trademarks by the Defendants in

the course of Racketeering Activity and engaging in a Racketeering conspiracy in violation of 15 USC §1120, e.g. the application of federal law.

27.      This Court has in personam jurisdiction over Defendants by reason: (i) that they conducted the asserted Racketeering Activity, engaged in the asserted Racketeering Conspiracy, and operated a Racketeering Enterprise in this District by the use of the wires and mails therein; (ii) said conduct also included but was not limited to the fraudulent conveyance of ninety (90) registered United States Trademarks in violation of 15 USC §1120 which are being used in the District; (iii) that the Enterprise engages in the sale of Federally regulated alcohol products in the District; and (iv) the Enterprise uses in this District, ninety (90) registered trademarks for the sale of its popular consumer beverages, which trademarks it fraudulently conveyed from (Defendant ) LeVecke to the Enterprise.

28.      This Court has ancillary/supplemental subject matter and in personam jurisdiction over the Defendants regarding Plaintiffs' state and/or common law claims asserted herein by reason of 28 USC §1367.

29.      Venue is proper in this District by operation of 18 USC §1964(a) by reason that: (i) Plaintiffs have asserted violations of 18 USC §1962 and 15 USC §1120 by Defendants in this District; (ii) the Enterprise, by and through Defendants Beverage and L-WBS sell/distribute products in this District; (iii) Defendant Armanino and Triad (as a partner in A-LLP) are registered as a foreign LLC in Ohio; (iv) by operation of 18 USC §1965(a) and (b), which provides for the venue of actions brought under 18 USC §1962 as such that the interests of justice would require, here the use of  the wires and mails to defraud Plaintiffs; and (v) the fraudulent conveyance and

12

present use of registered Trademarks (in this District) to sell the trademarked alcoholic beverages by Defendants, all of the foregoing through their Enterprise and PRA and RC, in this District.

## V.      Prior Business Relationships

30.      Plaintiffs had done extensive business with LeVecke for more than ten (10) years selling beverage grade alcohol to LeVecke for delivery at Plaintiffs Bartow Florida and Cincinnati, Ohio facilities, Defendant's California facility, and directly to Defendant's customers.  LeVecke also combined the alcohol obtained from Plaintiffs with flavorings and colorings to manufacture and distribute a product line of ready to drink and other alcoholic beverage products.  As previously noted, using  some 90 beverage trademarks for these products.  This business accelerated somewhat in the 24 months prior to January 6, 2026, as LeVecke ordered and received, but at times, only partially paid for the licensed alcohol products supplied by Plaintiffs.

31.      In the course of the foregoing commercial relationship, Plaintiffs also established relationships of trust and candor with Defendants JDL, JRL, JNL, and NJL, representing themselves as the owners, officers, and directors of LeVecke, de facto the persons in control of LeVecke and RE-Holdings, LeVecke's landlord (LeVecke Control Group-LCG).

32.      In the preceding 24 months, in addition to the continuation of the vendor-customer relationship between Plaintiffs and LeVecke regarding the alcohol products, Plaintiffs, LeVecke, and the identified LeVecke officers and directors (LCG) also engaged in detailed in person and on-site discussions regarding joint ventures at 3 Rivers for operation of the bottling plant located there for bottling LeVecke's trademarked products and others, additional product lines, and Plaintiffs' participation in a purported significant contract between LeVecke and Coca Cola for the high-

volume joint production, bottling, and distribution of ready to drink alcoholic beverages marketed by Coca Cola under numerous proprietary brands, including Tipo Chico.

33.     In the third and fourth quarters of 2025, the relationships became strained because LeVecke became materially delinquent in its payment obligations to Plaintiffs; however, as will be explained in detail later herein, LeVecke and the LCG (and as undisclosed participants in the Enterprise) made material representations of the financial condition of LeVecke and critically, the imminent infusion of substantial new funds by way of new or restructured lending, unfortunately, each and every one of these representations was  completely false and intentionally deceptive.

## VI.     The Racketeering Enterprise

34.     On information and belief, in the third and fourth quarters of 2025, the LCG, with or on behalf of the entities which it directly and/or indirectly owned and/or controlled, including but not limited to LeVecke, RE-Holdings, LeVecke- LLC, L-WBS, TD-Trust, and the LBG-Trust; entered into a relationship with A-LLP and Triad/Hogan by which a series of undertakings were created with the express intent and purpose of fraudulently conveying the key operating assets and intellectual property of LeVecke to entities related to or controlled by the LCG, thereby defrauding the creditors of LeVecke, the (believed) largest of which are Plaintiffs, at $3,300,000.00.

35.     The critical operating assts of LeVecke, which were and are the  subject of the above conveyances, included, but are not limited to, the essential operating and manufacturing, blending and bottling, tank storage, and warehouse facilities contained at/within the property located at 10810 Inland Avenue, Jurupa Valley, the lease interests for that facility between LeVecke and RE-Holdings, the direct and indirect customers of LeVecke and LeVecke WBS, the 90 LeVecke product Trademarks, the proprietary product formulation information, as well as the United States

14

ATF-TTB and California licenses to manufacture and sell alcoholic beverages. (See: Exhibit G, Licenses, Exhibit L, Trademarks).

36. To accomplish the foregoing undertakings, LeVecke, A-LLP, Triad/Hogan, LCG, RE-Holdings, Beverage, Trust, LeV-LLC, Acquisition, I-Holdings, and LBG, created an asset-less shell entity LeVecke (ABC) LLC on October 24, 2025, thereby adding a key element/participant to the Enterprise, which through A-LLC and Hogan, on behalf of the remaining members of the Enterprise, engaged in a series of fraudulent conveyances and, critically, by the use of the wires and mails, engaged in a *pattern of racketeering activity,* and thereby advanced a *racketeering conspiracy* to defraud Plaintiffs.

37. In the foregoing undertakings, the Enterprise infiltrated and took control of LeVecke, which, up to that time, was a legitimate business which had a continuous multi-year relationship with Plaintiffs. Ultimately, by taking control of LeVecke, the Enterprise was able to fraudulently convey the key assets of LeVecke to members of the Enterprise, among them, successor owners and operators of the fraudulently conveyed assets of LeVecke, Beverage and L-WBS, and thereby defraud Plaintiffs.

38. In brief summary, LeVecke had been engaged in the manufacture of over ninety (90) trademarked popular blended alcoholic beverages incorporating Plaintiffs' commercial alcohol products. In 2025 and 2026, the owners of LeVecke, to avoid paying creditors, of which Plaintiffs were the largest, combined with A-LLP and its partner Triad/Hogan to create and operate the fictitious liquidation entity "LeVecke ABC LLC" to form and operate as the Enterprise. The object of which was to fraudulently convey all of the valuable business assets and goodwill of LeVecke through several shell entities to LeVecke Beverage Group and thereby defraud Plaintiffs.

15

## VII.     The Racketeering Conspiracy and Pattern of Racketeering Activity

39.     On information and belief, on October 24, 2025, the LCG, A-LLC, and Hogan created a shell entity, LeVecke (ABC) LLC, which represented to Plaintiffs that it had been formed for the purpose of 'liquidating' LeVecke 'for the benefit of the LeVecke creditors', presumably also the Plaintiffs.  (See: Exhibit I, 'Assignment' documents, communications).

40.     In  the fourth quarter of 2025, after forming the Enterprise, Jason LeVecke (JDL), falsely on behalf of LeVecke, but actually on behalf of the Enterprise, made certain unambiguous representations to Plaintiffs regarding the existing financial condition of LeVecke and the claimed in-process re-financing and/or cash infusions to/for LeVecke.  These representations were made (by a series of emails) to induce Plaintiffs to forbear taking adverse actions, including, but not limited to, additional COD or Cash in Advance shipment terms, terminating the commercial relationship which could operate to deprive LeVecke of both the benefit of a continuing supply of alcohol products, and create the imminent/threatened risk of potential indefensible collection activities, ref. the approximate $3.3M past due, and was (unknown to/concealed from Plaintiffs), a fraudulent undertaking and an integral element of the Racketeering Conspiracy (RC) and Pattern of Racketeering Activity (PRA), by these communications to Plaintiffs through the 'wires and mails' from (apparently) the LeVecke facility by JDL as a furtherance and on behalf of the Enterprise and himself.   (See: Exhibit J, 2025 serial communications to Plaintiffs).

41.     At the same time that the Enterprise had been formed, A-LLC, Triad, and Hogan acting on behalf of the other Defendants and the Enterprise also established "L-ABC", which subsequently represented that L-ABC, 'independently' acting on behalf of the LCG and an unnamed 'creditor' of LeVecke, had been granted 'legal' possession and control of the 'assets' of

16

LeVecke, and had 'legally liquidated' them for the benefit of 'creditors' such as Plaintiffs.  This fraudulent conduct was an integral part of the PRA and RC and was extensively communicated to Plaintiffs by the wires.  A key and especially egregious element of the foregoing fraudulent and/or deceptive communications, was a  document suite created to imitate/mimic some customary type of 'legal/court' document, as being to lay persons, an 'official or legal' undertaking, e.g. the phony "Assignment".  (See: Exhibit E, 'Assignment' documents, communications).

42.	Notably, "ABC" is actually a phony, non-existent shell entity, created by A-LLC and Triad/Hogan on behalf of the LCG and/or the Enterprise, using a UPS 'mailbox' office as its represented 'business headquarters', and did not in any manner make or register any legitimate transfer of assets to a mythical 'creditor'; but instead, published the foregoing described suite of phony communications and distributed them through the wires and mails, including to Plaintiffs. (See: Exhibit C formation of ABC; Exhibit H, 'headquarters ' of ABC, Exhibit I and Exhibit B infra).

43.	The foregoing constituted both a PRA and a RC to defraud Plaintiffs because the phony 'Assignment' purportedly 'from LeVecke to ABC' did not include any of the actual and essential business assets of LeVecke, the operating facilities located at 10810 Inland Avenue, Jurupa Valley, California 91752, the lease for that facility between LeVecke and RE-Holdings, the direct and indirect customers of LeVecke, and the United States TTB and California licenses to manufacture and sell alcoholic beverages, or the 90 Trademarks, the goodwill associated with the foregoing , the proprietary product formulations, and similar assets.  (See: Exhibit E, "Assignment" document suite, Exhibit L).

44.     The foregoing identified assets and others were instead fraudulently conveyed to Beverage through the activities of, jointly and severally, the individuals comprising the LCG and the LCG itself, RE-Holdings, Acquisition, and the Enterprise.  Noting with particularity at Exhibit E that the fraudulent Assignment  undertaking was expressly 'ordered/approved' by the LCG, and is represented to be managed/operated by A-LLP .

45.     The successful outcome of this undertaking was the phony 'closure' and 'cessation of operations' of the now asserted defunct and insolvent LeVecke, and the immediate 'opening' of the identical business as "Beverage" and *the uninterrupted continuation of the business of LeVecke as "Beverage" and "L-WBS" in the same facility, using the same operational assets, with the same landlord (RE-Holdings), using the same US-TTB and State of California alcohol licenses, the same products, the 90 Trademarks, the same product formulas ,and presumably the same customers.* (See: Exhibit(s)  A , L, and E infra).

46.     In brief summary, the Enterprise engaged in a PRA and RC by and among the LCG, RE-Holdings, L-WBS, A-LLP, Triad/Hogan, ABC, and other Defendants which intentionally rendered LeVecke defunct and insolvent, misrepresented the disposition of its assets, fraudulently conveyed the key and essential assets to Beverage, and thus Beverage and the LCG, from 'one day to the next', through the Enterprise, the PRA and the RC, unlawfully took possession and control over, and has continued to operate, the former LeVecke business as Beverage and L-BWS.  Bluntly put, the Enterprise stole the LeVecke assets and conveyed them to Beverage and L-WBS, using the phony "Assignment" to cover up the racketeering activity and racketeering conspiracy.  (See: Exhibits A,  I, and L).

## VIII.  **Additional Related Facts**

47.     In addition to the foregoing conduct, the Enterprise, Beverage, and the members of the LCG, and individually, converted for their collective use in excess of $3,300.000.00 of Plaintiffs' products, delivered to LeVecke without payment, and put the products and the proceeds of their sale by the Enterprise beyond the reach of Plaintiffs by fraudulently conveying them to the Enterprise.

48.     The foregoing conduct by the Enterprise, the LCG, and Beverage also constituted common law fraud upon Plaintiffs by obtaining Plaintiffs' products and rendering LeVecke insolvent, while fraudulently conveying the operating assets and business of LeVecke to Beverage and the Enterprise.

49.     In addition to the foregoing, each and every shipment and delivery of products by Plaintiffs to LeVecke constituted a separate and enforceable contract, and all of said contracts have been breached jointly and severally by LeVecke, its joint and several successors Beverage, and the Enterprise by reason of the takeover and rendering LeVecke insolvent by the Enterprise.

50.     In and for their its undertakings and engaging in a PRA and RC, Defendants and the Enterprise, jointly and severally, have unlawfully sold and/or transferred Plaintiffs' licensed and regulated alcohol products to unknown parties in violation of their contractual obligations to do so solely and exclusively under the then valid LeVecke US ATF/TTB and state alcohol licenses.

51.     The joint and several conduct of the LCG , and the individual comprising the LCG, Beverage, and L-WBS demonstrates that they are the successors and/or alter egos of LeVecke and as such are liable, jointly and severally to Plaintiffs for the payment of the $3,300,000.00 owed to Plaintiffs for the delivery of products to LeVecke.

19

52.     In brief summary, the Enterprise ordered and received $3,300,000.00 of Plaintiffs' base alcohol products, blended and packaged them, labeled them with the LeVecke trademarks, and sold them to the long established LeVecke customers and kept the money.

## IX.     First Cause of Action - Violation of 18 USC §1962(c)

53.     Plaintiffs restate and reassert all of the foregoing Paragraphs 1 through 52 and further state and aver.

54.     18 USC §1962(c) provides that if any 'person' engages in racketeering activity, including the use of the wires and mails for the purpose of defrauding another, and/or engages in a racketeering conspiracy to defraud another, such constitutes a violation of 18 USC §1962(c).

55.     As set forth above, Defendants (ex. LeVecke Corporation) created and participated in the Enterprise, jointly and severally engaged in a PRA, and a RC intending to and successfully rendering LeVecke defunct and insolvent, misrepresented the disposition of its assets, fraudulently conveyed the key and essential assets to Beverage, and thus, the Enterprise (including but not limited to A-LLP, A-LLC, Triad, Hogan, Beverage, Investment Holdings, and the LCG, from 'one day to the next', unlawfully took possession and control over, and has continued to operate the former LeVecke business, all of which have operated to defraud Plaintiffs who have been damaged by such in the sum of at least $3,300,000.00.  Indeed, the chronology of this undertaking is stunning.  On December 25, 2025, Jason LeVecke was representing to Plaintiffs that new financing was imminent, then on January 6, 2026 the Enterprise notified Plaintiffs through co-conspirator ABC of the bogus "Assignment" and the cessation of the LeVecke business.  (See: Exhibits I and J).

20

56. In addition to the foregoing, Plaintiffs assert that the PRA and RC including the formation of, and participation in, the Enterprise constitute joint and several conduct and undertakings by Defendants, which entitle Plaintiffs to an award of treble damages, attorney's fees, and costs of the proceeding against all Defendants to be determined by the Court in this matter.

## X. Second Cause of Action - Fraud and/or Fraudulent Conveyance

57. Plaintiffs restate and reassert all of the foregoing Paragraphs 1 through 56 and further state and aver.

58. The Enterprise, A-LLC and Triad/Hogan, acting on behalf of the other Defendants and the Enterprise, established ABC which represented that ABC, 'independently' acting on behalf of the LCG and an unnamed 'creditor' of LeVecke, had been granted 'legal' possession and control of the assets of LeVecke, and had 'liquidated' them for the benefit of 'creditors' such as Plaintiffs.

59. The foregoing constituted a conspiracy to defraud Plaintiffs because the phony 'Assignment' purportedly from LeVecke to ABC did not include any of the actual, material, and essential business assets of LeVecke: the operating facilities located at 10810 Inland Avenue, Jurupa Valley, California 91752, the lease for that facility between LeVecke and RE-Holding, the direct and indirect customers of LeVecke, the United States TTB and California licenses to manufacture and sell alcoholic beverages, and the ninety (90) registered US trademarks and good will associated with the marks.

60. The foregoing identified assets were instead fraudulently conveyed to Beverage through the activities of, jointly and severally, the individuals comprising the LCG and the LCG itself, RE-Holdings, Investment Holdings, Acquisition, and/or the Enterprise.

21

61.     In addition, these undertakings were known to and approved by non-party ORCA Funding, aka Aon Plc, which as the secured lender in 2025 to LeVecke, RE-Holdings, LeV-LLC, and L-WBS, then knowingly transferred the foregoing debt obligations and securitizations to Beverage in 2026.  (See: Exhibit K, UCC filings).

62.     The outcome of this undertaking was the completely phony 'closure' and cessation of operations of the asserted defunct and insolvent LeVecke, and the immediate 'opening' of Beverage in the same facility, using the same operational assets, the same secured lenders, with the same landlord (RE-Holdings), using the same US-TB and State of California alcohol licenses, the same products, the same (90) trademarks and presumably the same customers.

63.     All of the foregoing constituted and/or was a part of the PRA and RC to fraudulently convey the assets of LeVecke to Beverage and/or the Enterprise, and as an expected outcome and result of these activities Plaintiffs have been damaged in a sum in excess of $3,300,000.00.

64.     In addition to the foregoing, Plaintiffs assert that the foregoing activity, including the formation of, and participation in, the Enterprise constitute joint and several conduct and undertakings which entitle Plaintiffs to an award of treble damages, attorney's fees, and costs of the proceeding to be determined in this matter.

## XI.     Third Cause of Action - Conversion

65.     Plaintiffs restate and reassert all of the foregoing Paragraphs 1 through 64 and further state and aver.

66.     In the 24+ months in which Plaintiffs delivered at least several thousand gallons of alcohol products to LeVecke, said products were converted to alcoholic beverages sold by LeVecke and by reason of the conduct of the Enterprise, not only was LeVecke rendered insolvent, the

Enterprise acquired the customer payments for the LeVecke products containing Plaintiffs' alcohol, thus converting Plaintiffs' alcohol products to the unlawful use of the Enterprise without payment, and as a result thereof, Plaintiffs have been damaged in a sum in excess of  $3,300,000.00.

67.     On information and belief, a material outcome of the foregoing PRA and RC by the Enterprise was the continued payment of the loan obligations of LeVecke by the Enterprise to non-party ORCA Funding, aka Aon Plc and other lenders to LeVecke, to prevent the occurrence of events of default in the lending obligations of LeVecke as transferred to Beverage by the Enterprise.

## XII.     Fourth Cause of Action - Beach of Contract/Successor -Alter Ego

68.     Plaintiffs restate and reassert all of the foregoing Paragraphs 1 through 67 and further state and aver.

69.     Plaintiffs entered into a series of contractual undertakings with LeVecke in 2024 and 2025 consisting of purchase orders and invoices, each and all constituting enforceable contracts for the delivery to, and payment by, LeVecke for alcohol products manufactured by Plaintiffs.  By reason of the number of the original undertakings, such are omitted pursuant Fed. Civ. Rule 10(c), and as a result of the creation and operation of the Enterprise which rendered LeVecke insolvent and created the Enterprise as its direct successor, and as such caused a breach of said contractual undertakings by LeVecke, thereby Plaintiffs have been damaged by the Enterprise and Defendants, jointly and severally, in a sum in excess of $3,300,000.00.

70.     In addition to the foregoing, each and every shipment and delivery of products by Plaintiffs to LeVecke constituted a separate and enforceable contract, and all of said contracts have

been breached jointly and severally by LeVecke, its successor Beverage, and the Enterprise by reason of the takeover and rendering LeVecke insolvent by the Enterprise.

71.     In and for their its undertakings and engaging in a PRA and RC, Defendants and the Enterprise, jointly and severally, have unlawfully sold and/or transferred Plaintiffs' licensed and regulated alcohol products to unknown parties in violation of their contractual obligations to do so solely and exclusively under the then valid LeVecke US ATF/TTB and state alcohol licenses.

72.     The joint and several conduct of the LCG, and the individuals comprising the LCG, Beverage, and L-WBS and/or the Enterprise, demonstrates that they are the successors and/or alter egos of LeVecke and as such are liable, jointly and severally to Plaintiffs for the payment of the $3,300,000.00 owed to Plaintiffs for the delivery of products to LeVecke.

## XIII.   Fifth Cause of Action – Alter Ego

73.     Plaintiffs restate and reassert all of the foregoing Paragraphs 1 through 72 and further state and aver.

74.     Each of the LCG Defendants separately, jointly and/or collectively have acted and continue to act as the alter egos of Defendants LeVecke, Beverage, LBG-Trust, LeV-LLC, RE-Holdings, Holdings, and Acquisition, either separately or as members of the Enterprise and further engage in the PRA and RC.

75.     The joint and several conduct of the LCG, and the individuals comprising the LCG, Beverage, and L-WBS and/or the Enterprise, demonstrates that they have acted and continue to act as the alter egos of the entities set forth above and/or the Enterprise and, as such, are liable jointly and severally to Plaintiffs for the damages to Plaintiffs as set froth herein.

**XIV.    Sixth Cause of Action - Respondeat/Agency; Armanino LLP**

76.     Plaintiffs restate and reassert all of the foregoing Paragraphs 1 through 75 and further state and aver.

77.     Defendants A-LLP, Hogan, and Triad jointly and severally hold Hogan and/or Triad out as a "Partner" in A-LLP and therefore A-LLP is liable to Plaintiffs for the conduct of Hogan and /or Triad under the doctrine or respondeat superior.

78.     Defendants A-LLP, Hogan, and Triad jointly and severally hold Hogan and/or Triad out as a "Partner" in A-LLP and therefore A-LLP is liable to Plaintiffs for the conduct of Hogan and/or Triad as the agent of A-LLP under the doctrine of respondeat superior.

79.     Defendants A-LLP, Hogan, and Triad jointly and severally hold Hogan and/or Triad out as a "Partner" in A-LLP and therefore A-LLP is liable to Plaintiffs for the conduct of Hogan and/or Triad as the alter ego of A-LLP.

80.     Defendants A-LLP by reason of its relationships with Hogan and/or Triad, Hogan is therefore liable to Plaintiffs for the conduct of Hogan and/or Triad as the alter ego of A-LLP for the damages to Plaintiffs as set forth herein.

81.     Defendants A-LLP by reason of its relationships with Hogan and Triad is a member of the Enterprise and has engaged in a PRA and a RC, and is therefore liable to Plaintiffs for the conduct of Hogan and/or Triad for the damages to Plaintiffs as set forth herein.

**XV.    Relief Requested**

Plaintiffs are entitled to the following relief against Defendants, jointly and severally, as and for Plaintiffs' claims herein, and therefore respectfully request that this Court make:

1.      A finding by this Court for Plaintiffs in their First Cause of Action that Defendants, jointly and severally, violated 18 USC §1962 (a), and both within said conduct and/or independently violated 15 USC §1120; that said conduct constitutes predicate acts under 15 USC §1120 and therefore are the proximate cause of the damages claimed by Plaintiffs, and as such, order a money judgment against Defendants, jointly and severally, in a sum of at least $3,300,000.00 and/or as determined by this Court in these proceedings, to be entered by the Court.

2.      A finding by this Court for Plaintiffs in their Second Cause of Action, Fraud and Fraudulent Conveyance, that Defendants jointly and severally acted to defraud Plaintiffs by way of the representations and conduct as set forth herein, and to convey the assets of LeVecke without consideration to Beverage and the Enterprise as set forth herein, and that said conduct is the proximate cause of the damages claimed by Plaintiffs, and as such, order a money judgment against Defendants, jointly and severally, in a sum of at least $3,300,000.00 and/or as to be determined by this Court in these proceedings,' and entered by the Court.

3.      A finding by this Court for Plaintiffs in their Third Cause of Action that Defendants, jointly and severally, unlawfully converted the licensed alcohol products delivered to Defendants to their use without payment and that said conversion is one of the causes of the damages claimed by Plaintiffs, and as such, order a money judgment against Defendants, jointly and severally, in a sum of at least $3,300,000.00 and/or as determined by this Court in these proceedings, to be entered by the Court.

4.      A finding by this Court for Plaintiffs in their Fourth Cause of Action that: (i) Defendants, jointly and severally, are the direct successors to and/or alter egos of LeVecke; (ii) that Defendants as such have breached the identified contracts; and (iii) are jointly and severally

26

liable to Plaintiffs' damages claimed by Plaintiffs from said breaches and, as such, order a money judgment against Defendants, jointly and severally, in a sum of at least $3,300,000.00 and/or as to be determined by this Court in these proceedings, to be entered by the Court.

5.     A finding by this Court for Plaintiffs in their Fifth Cause of Action that: Defendant A-LLP is liable to Plaintiff for the conduct of Defendant(s) Hogan and/or Triad under the doctrine of respondeat superior; in a sum of at least $3,300,000.00 and/or as determined by this Court in these proceedings, to be entered by the Court.

6.     A finding by this Court for Plaintiffs in their Sixth Cause of Action that: Defendant A-LLP is liable to Plaintiff for the conduct of Defendant(s) Hogan and/or Triad as the agent and/or alter ego of A-LLP; in a sum of at least $3,300,000.00 and/or as determined by this Court in these proceedings, to be entered by the Court.

7.     A finding by this Court that the conduct of Defendants as determined by this Court with respect to Plaintiffs' First, Second, Third, Fifth and Sixth Causes of Action is such that Plaintiffs are entitled to a trebling of the monetary damages ordered by this Court, by reason of 18 USC 1962 (a) and/or otherwise; and Plaintiffs' reasonable attorney's fees and costs, to be determined by this Court in this proceeding as against Defendants, jointly and severally.

8.     A finding that, in addition to the relief set forth above, Defendants Armanino LLP and Triad/Hogan be ordered to jointly and severally disgorge to Plaintiffs any and all fees, payments, retainers, fee sharing, or other transfers of or for value received from (including one and another) any lender to any Defendant and/or the Enterprise, and/or any Defendant in the course of any relationship with the Defendants, the Enterprise, directly or indirectly related to the undertakings and conduct as set forth herein.

9.     A finding or findings ordering any other relief that this Court shall find and determine in and by these proceedings under law and/or equity which would be just, fair and reasonable, and/or which could be reasonably expected to deter Defendants from engaging in any future conduct set forth herein.

Respectfully submitted,


/s/ Robert W. McIntyre
ROBERT W. McINTYRE (006768)
6105 Parkland Boulevard, Suite 100
Cleveland, Ohio 44124
(440) 446-1100 – Phone
(440) 446-1240 - Fax
rmcintyre@dhplaw.com
Attorney for Plaintiffs


**JURY DEMAND**

Plaintiffs hereby demands a trial by jury pursuant to the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Norther District of Ohio.


/s/ Robert W. McIntyre
ROBERT W. McINTYRE (006768)
Attorney for Plaintiffs

28

## SUMMARY OF EXHIBITS TO PLAINTIFFS' COMPLAINT

Exhibit A       (Defendant) LeVecke Beverage Group LLC website

Exhibit B       Composite Descriptions of Defendants' Relationships

Exhibit C       California Secretary of State formation/registration of Defendant LeVecke (ABC) LLC by Defendant(s) Michael Hogan/Triad LLC

Exhibit D       (Defendant) Armanino LLP website ref. also [partner] Defendants Michael Hogan and Triad LLC

Exhibit E       (Defendant) Michael Hogan/Triad LLC website

Exhibit F       (Defendant) Michael Hogan website

Exhibit G       (Defendant) LeVecke United States ATF-TTB and State of California alcohol manufacturing and distribution licenses

Exhibit H       Image of UPS Mailbox Storefront as business address for LeVecke (ABC) LLC

Exhibit I       LeVecke (ABC) LLC documents describing an "Assignment for the Benefit of Creditors"

Exhibit J       Serial communications from (Defendant) LeVecke to Plaintiffs ref. LeVecke payment obligations to Plaintiffs

Exhibit K       ORCA Funding dba Aon Plc, California Secretary of State UCC filings, ref. Defendants LeVecke, Beverage, L-WBS, LeVecke LLC, RE-Holdings

Exhibit L       LeVecke alcoholic beverage Trademarks assigned to Beverage